UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**COLIN NGUYEN;**

    *Plaintiff,*       CASE NO.:

v.       <u>Hon.</u>

**SCHOOLCRAFT COMMUNITY COLLEGE, by and through its Board of Trustees; and LAURIE KATTUAH-SNYDER;**      JURY DEMAND

    *Defendants.*

## INTRODUCTION

This is an action arising from an improper Title IX investigation at Schoolcraft Community College in Livonia, Michigan. Plaintiff is seeking damages for Defendants violation of Title IX and protected rights under the Fourteenth Amendment.

## PARTIES

1. Colin Nguyen is a resident of the State of Michigan.

2. Defendant Schoolcraft Community College ("SCC") is a public university receiving federal funds in Livonia, Michigan.

3.     Defendant Laurie Kattuah-Snyder ("Kattuah-Snyder") is employed as the Chief Title IX Coordinator of Schoolcraft Community College at all times relevant to this litigation.

## JURISDICTION & VENUE

4.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

5.     Defendant Schoolcraft Community College conducts business within the State of Michigan.

6.     All Individual Defendants employed by Schoolcraft, because they were employees of Schoolcraft, are relevant herein and personally violated certain rights and policies, the effects of which were felt in the State of Michigan.

7.     Venue in this action is properly in the Eastern District of Michigan because the events relevant to this action occurred primarily within the geographical confines of the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

8.     At all times relevant to this litigation, Plaintiff was a student within Schoolcraft College.

9.     On September 13, 2024, J.S. filed a formal Title IX complaint against Plaintiff.

2

10. The complaint alleged that Plaintiff sexually assaulted J.S. on July 1, 2024, in the basement of J.S.'s private off campus residence.

11. The complaint was filed under Schoolcraft College's Policy 1080, "Prohibition Against Discrimination and/or Harassment."

12. J.S. was not a student or employee of SCC.

13. Schoolcraft College's Policy 1080.7 defines sexual discrimination and harassment as "unwelcome sexual conduct that is so severe, pervasive, and objectively offensive that it effectively denies an individual(s) equal access to the College's education program or activity or employment."

14. Pursuant to institutional policy, an investigation ensued, involving interviews with the complainant, respondent, and a witness.

15. The investigative report was finalized and released on December 10, 2024.

16. A hearing was held on January 30, 2025.

17. During the hearing, the Complainant was directly asked how the alleged incident affected his employment at Schoolcraft College.

18. In response, the Complainant unequivocally testified that the incident did not impact his education or employment in any way as he was not a student or employee.

3

19. Defendant had no jurisdiction or authority under Title IX to investigate Plaintiff, as the complainant was neither a student nor employee of the college.

20. Defendant knew or should have known that J.S. was not a student or employee from the initial filing of the Title IX complaint.

21. The Title IX complaint should have been dismissed at its inception.

22. Instead, SCC chose to conduct a full investigation and hearing.

23. Defendants' actions in conducting this unauthorized and baseless investigation and hearing have caused Plaintiff harm including emotional distress, damage to his reputation and other adverse consequences.

24. Defendant SCC, as a public institution, is a state actor and bound by constitutional constraints.

## Respondeat Superior and Agency

25. Under Federal and Michigan law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

26. At all times relevant to this action, all individual Defendants were employed by Schoolcraft. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with Schoolcraft.

27. At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the

4

events that are subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## CAUSES OF ACTION

### FIRST COUNT – VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972
### (Against Defendant Schoolcraft)

28. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

29. Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) prohibits discrimination based on sex in educational institutions receiving federal funding.

30. At all times relevant to this action, Defendant Schoolcraft was a public school receiving federal financial funding.

31. 34 CFR§106.44 provides that such institutions must respond affirmatively to when a school official with the ability to take corrective measures receives actual knowledge that a student may have been discriminated against on the basis of sex.

32. Defendant improperly applied Title IX procedures.

33.     Defendant conducted a Title IX investigation against Plaintiff despite the complainant clearly stating that the complainant was not a student or employee of the college.

34.     Title IX's jurisdiction is limited to educational programs or activities in relation to their students and employees, not individuals outside the institution.

35.     The improper application of Title IX caused harm to Plaintiff.

36.     Plaintiff suffered harm as a result of defendant's improper application of Title IX, including emotional distress, damage to reputation, and other adverse consequences of being subjected to an unauthorized investigation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(c)     Grant such other and further relief as justice requires.

### SECOND COUNT – VIOLATION OF DUE PROCESS
### UNDER 42 U.S.C. §1983
### (Against All Defendants)

37. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

38. 42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

39. Defendants acted under color of state law.

40. Defendants deprived Plaintiff of his right to due process.

41. Defendants subjected Plaintiff to a Title IX investigation despite lacking jurisdiction or authority to do so, as the complainant was neither a student nor employee of SCC.

42. The unauthorized investigation deprived Plaintiff of both procedural and substantive due process rights protected by the Fourteenth Amendment to the United States Constitution, and MCLS Const. Art. I, §17.

43. Defendants actions in conducting this unauthorized investigation and hearing have caused Plaintiff harm including emotional distress, damage to his reputation and other adverse consequences.

44. Defendant Schoolcraft as a public school is vicariously responsible for actions of employees acting within the scope of their employment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(c) Grant such other and further relief as justice requires.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 23, 2025

                 Respectfully submitted,

                 */s/ Solomon Radner*
                 Solomon Radner, Esq. (P73653)
                 Keith Altman, Esq. (CA257309)
                 THE LAW OFFICE OF KEITH ALTMAN
                 33228 West 12 Mile Road, Suite 375
                 Farmington Hills, Michigan 48331
                 Telephone: (248) 987-8929
                 solomonradner@kaltmanlaw.com
                 keithaltman@kaltmanlaw.com
                 *Attorney for Plaintiff*