**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**COLIN NGUYEN;**

***Plaintiff,***

**v.**

**SCHOOLCRAFT COMMUNITY COLLEGE, by and through its Board of Trustees; LAURIE KATTUAH-SNYDER; CLARK HILL, PLC; MICHELE KATZ; and HR ADVANTAGE ADVISORY, LLC;**

***Defendants.***

**CASE NO.:2:25-cv-12245**

**Hon. Nancy G. Edmunds**
**Mag. Judge Anthony P. Patti**

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS [ECF 030]**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

STANDARD OF REVIEW ........ 2

ARGUMENT ........ 3

I. PLAINTIFF HAS ADEQUATELY STATED A TITLE IX CLAIM AGAINST CLARK HILL ........ 3

II. PLAINTIFF HAS ADEQUATELY STATED A LEGAL MALPRACTICE CLAIM AGAINST CLARK HILL ........ 6

III. PLAINTIFF HAS ADEQUATELY STATED A NEGLIGENT MISREPRESENTATION CLAIM ........ 8

IV. PLAINTIFF HAS ADEQUATELY STATED A NEGLIGENCE CLAIM ........ 10

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)....................3

*Beatty v. Hertzberg & Golden, P.C.*, 456 Mich. 247, 258–59 (1997)....................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)....................3

*Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020) .......3

*Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018)....................5

*Doe v. Univ. of Ky.,* 971 F.3d 553 (6th Cir. 2020)....................4, 5

*Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008)....................2

*Fejedelem v. Kasco*, 269 Mich. App. 499, 503 (2006)....................9

*Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 465 (2004)....................10

*Hord v. Envtl. Research Inst. of Mich*., 463 Mich. 399, 412 (2000)....................9

*Lawrence M. Clarke, Inc. v. Richco Constr., Inc.*, 489 Mich. 265, 283 (2011)........9

*Mieras v. DeBona*, 452 Mich. 278, 297–300 (1996)....................7

*Novak v. City of Parma, 932 F.3d 421, 426-27* (6th Cir. 2019)....................3

*Pryor v. Ohio State Univ.*, 139 F.4th 536 (6th Cir. 2025)....................5

*Simko v. Blake*, 448 Mich. 648, 655–56 (1995)....................8

*Smith v. Allendale Mut. Ins. Co.*, 410 Mich. 685, 714 (1981)....................10

*Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686 (6th Cir. 2022)....................6

*White v. United States*, 601 F.3d 545 (6th Cir. 2010)....................2

*Withrow v. Larkin*, 421 U.S. 35 (1975) ....................6

*Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) ....................9

**Statutes**

20 U.S.C. §1681 ....................3

20 U.S.C. §1687 ....................3

34 C.F.R. § 106.44 ....................11

Federal Rule of Civil Procedure 12(b)(6) ....................2

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................2

**NOW COMES** Plaintiff Colin Nguyen, by and through his attorney, with Plaintiff's Response to Defendants Clark Hill, PLC, Michele Katz-Caristil, and HR Advantage Advisory, LLC's Motion to Dismiss [ECF 030] and hereby states the following:

## INTRODUCTION

Defendants attempt to escape liability by pretending that they were mere bystanders to the Title IX process. Clark Hill did not simply advise Schoolcraft; it ran the Title IX process. It systematically provided the hearing officer, complainant's advisor, owned the investigation firm, and operated the entire adjudicatory process that resulted in the damages to Plaintiff. All three moving Defendants concealed conflicts of interest so severe that it is unthinkable to have occurred in the Title IX proceedings.

The Defendants want this Honorable Court to believe that a law firm can simultaneously act as the Title IX decision makers, act as the complainant's advisor, own the investigation firm, conceal all of this from an accused student, and then disclaim any duty whatsoever to the person whose rights they were adjudicating. This position is dangerous. It would allow educational institutions to outsource Title IX responsibilities to private actors who can then evade accountability by claiming they were just contractors. The Defendants were legal professionals and they undoubtedly understood the conflicts of interest that were present, the legal

ramifications of not disclosing them, and continued forward with the tirade. This is an invitation to create a liability-free zone for outsourced Title IX adjudication — a result no court has endorsed and that would undermine the statutory and constitutional protections Title IX was enacted to secure.

At this stage, all allegations must be taken as true. Defendants' motion improperly asks the Court to resolve factual disputes and excuse misconduct before discovery has even begun. The law does not permit such shortcuts.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6). At the motion-to-dismiss stage, "we 'must accept as true all material [factual] allegations of the complaint'" and "must construe the complaint liberally in favor of the complaining party." *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010) (quoting *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008)).

At the current stage, it simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of illegal conduct. *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020). If resolving the dispute involves a question of fact upon which evidence is required,

dismissal on the pleadings is not appropriate. See *Novak v. City of Parma, 932 F.3d 421, 426-27* (6th Cir. 2019).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I. PLAINTIFF HAS ADEQUATELY STATED A TITLE IX CLAIM AGAINST CLARK HILL

Title IX states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681. This statute "provides relief broadly to those who face discrimination on the basis of sex in the American education system." *Doe v. Univ. of Ky.,* 971 F.3d 553 (6th Cir. 2020). Congress has defined the term "program or activity" expansively to include "all of the operations of" a college or university that receives federal funds. 20 U.S.C. §1687. This broad definition reflects Congress's intent "to extend the scope of Title IX's equal opportunity obligations to the furthest

reaches of an institution's programs." *Doe v. Univ. of Ky.,* 971 F.3d 553 (6th Cir. 2020).

Defendant Clark Hill argues that it cannot be held liable under Title IX because it is not a recipient of federal funding. This argument mischaracterizes Plaintiff's claim. Clark Hill was retained by Schoolcraft to fulfill the college's Title IX obligations and that Clark Hill stood in the shoes of Schoolcraft when conducting the Title IX hearing. Title IX prohibits discrimination on the basis of sex in educational programs receiving federal financial assistance. When a college delegates its Title IX responsibilities to an outside entity, that entity assumes the college's non-delegable duties under Title IX. Clark Hill was not merely providing advice; it was exercising the college's authority to adjudicate Title IX complaints.

The Supreme Court has recognized that Title IX imposes liability on funding recipients for their own misconduct. Here, Clark Hill's conduct became the conduct of Schoolcraft when it exercised delegated authority to conduct the Title IX hearing. Clark Hill's argument that it cannot be liable because it is not a direct recipient of federal funds elevates form over substance and would allow colleges to insulate themselves from Title IX liability by outsourcing their Title IX obligations.

Moreover, Clark Hill's undisclosed conflict of interest—employing both the hearing officer and the complainant's advisor—directly undermined the fairness of

the Title IX process. This conflict, combined with Clark Hill's ownership of HR Advantage, which employed the investigator, created a structural bias that violated Title IX's requirement of an impartial process.

The Sixth Circuit has recognized various theories of liability under Title IX beyond simple gender discrimination. Title IX "provides relief broadly to those who face discrimination on the basis of sex in the American education system." *Doe v. Univ. of Ky.,* 971 F.3d 553 (6th Cir. 2020). The Supreme Court has also recognized an implied right of relief for students under Title IX. *Pryor v. Ohio State Univ.*, 139 F.4th 536 (6th Cir. 2025).

Under the "erroneous outcome" theory recognized by the Sixth Circuit, a plaintiff must plead facts sufficient to "(1) 'cast some articulable doubt' on the accuracy of the disciplinary proceeding's outcome, and (2) demonstrate a 'particularized' causal connection between the flawed outcome and gender bias. '" *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018). Plaintiff brings forward allegations of both procedural irregularities and conflicts of interest. It was undisclosed to Plaintiff that Clark Hill would be serving simultaneously as hearing officer and complainant's advisor, while its undisclosed subsidiary HR Advantage provided the investigator. These structural conflicts undermine impartiality and cast articulable doubt on the outcome.

The courts have recognized that "a biased decisionmaker [is] constitutionally unacceptable" and that "our system of law has always endeavored to prevent even the probability of unfairness." *Withrow v. Larkin*, 421 U.S. 35 (1975).

The Sixth Circuit has explicitly held that "the right to bring suit under Title IX is limited to 'those circumstances where a plaintiff is so closely tied to a university that the individual is essentially a student of that university.'" *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686 (6th Cir. 2022). This principle applies equally to complainants in Title IX proceedings. When J.S. testified that he was neither a student nor an employee of Schoolcraft College, and that the alleged incident did not impact his education or employment, the college should have determined it lacked jurisdiction to proceed with the Title IX investigation.

Title IX "provides relief broadly to those who face discrimination on the basis of sex in the American education system," and this broad remedial purpose supports allowing Plaintiff's claim to proceed beyond the motion to dismiss stage. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686 (6th Cir. 2022). The Court should deny Defendants' motion to dismiss and allow Plaintiff's Title IX claim to proceed to discovery.

## II. PLAINTIFF HAS ADEQUATELY STATED A LEGAL MALPRACTICE CLAIM AGAINST CLARK HILL

Clark Hill argues that Plaintiff cannot maintain a legal malpractice claim because there was no attorney-client relationship between them. This argument ignores the unique context of Title IX proceedings, where the adjudicator owes duties of fairness and impartiality to all participants.

While it is generally true that an attorney-client relationship is required for a legal malpractice claim, Michigan law recognizes exceptions where legal services are undertaken for the direct benefit of a third party.

In *Mieras*, the Michigan Supreme Court held that attorneys owe duties to non-clients who are the intended beneficiaries of the legal services. *Mieras v. DeBona*, 452 Mich. 278, 297–300 (1996). The Court reaffirmed this principle in *Beatty*, holding that non-clients may sue when the attorney's services were intended to directly affect them. *Beatty v. Hertzberg & Golden, P.C.*, 456 Mich. 247, 258–59 (1997). Here, Clark Hill was retained to provide a fair and impartial Title IX process, which necessarily includes duties to both the complainant and the respondent.

Michigan courts recognize that attorneys acting as arbitrators, hearing officers, or investigators owe duties of fairness and neutrality. *Simko v. Blake*, 448 Mich. 648, 655–56 (1995). Clark Hill's role was not merely to represent Schoolcraft's interests; it was to implement a fair process that protected the rights of all participants. By failing to disclose its conflicts of interest and by proceeding with a

Title IX investigation that lacked jurisdiction, Clark Hill breached its duty to ensure a fair process for Plaintiff.

Defendants' reliance on cases involving traditional attorney-client relationships is misplaced. Title IX proceedings are quasi-judicial in nature, and those who administer such proceedings owe duties to all participants, not just to their direct client.

## III. PLAINTIFF HAS ADEQUATELY STATED A NEGLIGENT MISREPRESENTATION CLAIM

Defendants provide that they owed no duty to Plaintiff and that Plaintiff cannot establish justifiable reliance.

Defendants misrepresented that the Title IX investigation would be conducted fairly and impartially by failing to disclose their conflicts of interest. These misrepresentations were material as they directly affected the fairness of the process.

Michigan law recognizes negligent misrepresentation where a defendant supplies false information for the guidance of others in business or professional transactions. *Lawrence M. Clarke, Inc. v. Richco Constr., Inc.*, 489 Mich. 265, 283 (2011). Further, privity is not required. *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010).

Clark Hill and HR Advantage undertook multiple misrepresentations including representing that the Title IX process would be impartial; failing to disclose conflicts of interest; failing to disclose their corporate relationship; and failing to disclose that the hearing officer and complainant's advisor worked for the same firm. These are actionable omissions. Courts have consistently held that misrepresentation includes omissions where the defendants have a duty to disclose. *Hord v. Envtl. Research Inst. of Mich*., 463 Mich. 399, 412 (2000). The nature and processes of a Title IX complaint, investigation and hearing require such disclosure.

Plaintiff reasonably relied on the integrity of the Title IX process. A reliance that Michigan courts routinely recognize as reasonable. *Fejedelem v. Kasco*, 269 Mich. App. 499, 503 (2006).

Defendants had a duty to disclose their conflicts of interest to all participants in the Title IX process, not just to Schoolcraft. By holding themselves out as impartial adjudicators and investigators, they assumed a duty to disclose any facts that would undermine that impartiality.

Plaintiff justifiably relied on the Defendants' implicit representation that they were impartial and free from conflicts of interest. Had Plaintiff known of these conflicts, he could have objected to their participation or taken other steps to protect his interests.

## IV. PLAINTIFF HAS ADEQUATELY STATED A NEGLIGENCE CLAIM

Defendants argue that they owed no duty to Plaintiff because their contractual relationship was with Schoolcraft, not with Plaintiff. This argument fails to recognize that the Defendants assumed duties to all participants in the Title IX process by virtue of their roles.

When an entity undertakes to administer a quasi-judicial process like a Title IX investigation, it assumes a duty to conduct that process fairly and impartially. *Smith v. Allendale Mut. Ins. Co.*, 410 Mich. 685, 714 (1981). This duty extends to all participants in the process, not just to the contracting party. When a defendant undertakes to perform a task, it must do so with reasonable care. *Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 465 (2004).

Defendants' argument that they owed duties only to Schoolcraft would lead to the absurd result that those who administer Title IX proceedings could act with complete disregard for the rights of the accused, so long as they satisfy their contractual obligations to the college. Defendants' conduct went beyond mere negligence in performing contractual duties. By proceeding with a Title IX investigation that lacked jurisdiction and by concealing their conflicts of interest, they engaged in affirmative misconduct that increased the risk of harm to Plaintiff.

Defendants provide that Schoolcraft was engaged in discharging its duties under Title IX and the enabling regulations. 34 C.F.R. § 106.44.

Moreover, Defendants failed to disclose conflicts of interest in the Title IX process, which could constitute gross negligence if proven. The failure to determine J.S.'s status before proceeding with the investigation, despite the serious consequences for Plaintiff, could demonstrate "a substantial lack of concern for whether an injury results." At this stage of the proceedings, Defendants are not entitled to governmental immunity.

## CONCLUSION

**WHEREFORE** the Plaintiff requests that the Court deny the Defendants' Motion to Dismiss [ECF 030]. Plaintiff has alleged detailed facts establishing plausible claims under Title IX and state law. To the extent the Court determines that additional factual support is necessary in Plaintiff's allegations, Plaintiff respectfully requests leave to amend his pleading. In that event, Plaintiff will also move to proceed under a pseudonym and to seal the prior record, given the sensitive nature of the sexual assault allegations and the need to protect privacy and dignity interests.

Date: January 20, 2026 Respectfully Submitted,

Keith Altman, Esq.
Law Office of Keith Altman
30474 Fox Club Drive
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**COLIN NGUYEN;**

***Plaintiff,***

**v.**

**SCHOOLCRAFT COMMUNITY COLLEGE, by and through its Board of Trustees; LAURIE KATTUAH-SNYDER; CLARK HILL, PLC; MICHELE KATZ; and HR ADVANTAGE ADVISORY, LLC;**

***Defendants.***

**CASE NO.:2:25-cv-12245**

**Hon. Nancy G. Edmunds**
**Mag. Judge Anthony P. Patti**

---

## CERTIFICATE OF SERVICE

---

I certify that on January 20, 2026, I served the foregoing Plaintiff's Response to Defendants' Motion to Dismiss [ECG 030] upon all parties herein by filing copies of same using the ECF System.

*/s/ Keith Altman*
Keith Altman, Esq.