**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

COLIN NGUYEN,

Plaintiff,

Case No. 25-12245
Hon. Jonathan J.C. Grey

v.

LAURIE KATTUAH-SNYDER, SCHOOLCRAFT COMMUNITY COLLEGE, by and through its Board of Trustees, CLARK HILL, PLC, MICHELE KATZ, HR ADVANTAGE ADVISORY, LLC,

Defendants.
_________________________/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 27, 30)**

## I. INTRODUCTION

On October 13, 2025, Colin Nguyen, a Schoolcraft Community College ("SCC") student accused of sexual assault, filed an amended complaint against SCC, SCC Chief Title IX Coordinator Laurie Kattuah-Snyder, Clark Hill, PLC, Michele Katz, and HR Advantage Advisory, LLC ("HR Advantage"). (ECF No. 10.) He alleges that: (1) SCC and Clark Hill violated his Title IX rights; (2) SCC and Kattuah-Snyder violated his Fourteenth Amendment due process rights under 42 U.S.C. § 1983; (3)

Clark Hill committed legal malpractice; (4) Clark Hill and HR Advantage committed negligent misrepresentation; and (5) all defendants committed negligence. (*Id.*)

SCC and Kattuah-Snyder moved to dismiss (ECF No. 27), as did Clark Hill, Michele Katz, and HR Advantage (ECF No. 30). The motions are fully briefed. (ECF Nos. 28, 29, 31, 32.) As the parties have adequately briefed the motions, the Court considers them without oral argument. E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court **GRANTS** both motions to dismiss.

## II. BACKGROUND

On September 13, 2024, an individual named J.S. filed a Title IX complaint against Nguyen for sexual assault that took place at J.S.'s residence. (ECF No. 10 at ¶¶ 16–17.) This complaint stated that J.S. was an SCC student. (ECF No. 27-2, PageID.205.) Pursuant to SCC Policy 1080.7's prohibition on harassment, SCC initiated a Title IX investigation against Nguyen. (ECF No. 10 at ¶¶ 20–21.) On September 18, 2024, SCC issued notices of investigation to both Nguyen and J.S. (ECF No. 27-2, PageID.165.)

SCC retained (1) Clark Hill to provide both a Title IX hearing officer

and complainant's advisor (ECF No. 10 at ¶¶ 22–23) and (2) HR Advantage to provide a Title IX investigator (*id.* at ¶ 30). Clark Hill allegedly owns HR Advantage. (*Id.* at ¶ 29.) Nguyen alleges that this created a conflict of interest among the hearing officer, complainant's advisor, and investigator that was not disclosed to him. (*Id.* at ¶ 31–34.)

The investigative report was issued on December 10, 2024. (*Id.* at ¶ 38.) The report noted that J.S. is a part-time employee at SCC's Food Services department, where Nguyen is also an employee. (ECF No. 27-2, PageID.167.) Both Nguyen and J.S. had the opportunity to review and respond to the report and accompanying evidence. (*Id.*) A hearing was held on January 30, 2025 at which J.S. testified that the alleged assault did not impact his education or employment because he was not an SCC student or employee. (ECF No. 10 at ¶ 43.) Nguyen alleges that the defendants therefore had no Title IX jurisdiction to investigate him. (*Id.* at ¶ 46.) After the hearing, J.S. requested to withdraw his complaint because he was not an SCC student or employee, which closed the case. (ECF No. 27-3, PageID.274.)

## III. LEGAL STANDARD

The Court may grant a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

But the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Although courts are generally limited to reviewing the four corners of a complaint, courts may also consider matters beyond the pleadings, including exhibits attached to the complaint, public records, and exhibits attached to the defendant's motion to dismiss "so long as they are referred to in the [complaint] and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

### A. Title IX Claims

Nguyen brings Title IX claims against SCC and Clark Hill for investigating him even though the complainant was not a student or employee. (ECF No. 10 at ¶¶ 62, 72.) Specifically, Nguyen argues that when J.S. testified that he was not a student or employee, SCC should have "determined it lacked jurisdiction" to proceed with the investigation. (*Id.*)

#### 1. Defendant SCC

A plaintiff may dispute a university disciplinary proceeding on gender bias grounds under four theories: erroneous outcome, selective enforcement, deliberate indifference, or archaic assumptions. *Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (citations omitted). Although it is unclear from the complaint which theory Nguyen pursues, his response brief appears to focus on an erroneous outcome theory. (ECF No. 28, PageID. 283.)

To make an erroneous outcome claim, the plaintiff must: (1) "cast some articulable doubt" on the Title IX proceeding's accuracy and outcome and (2) demonstrate a particularized causal connection between

the flawed outcome and gender bias. *Doe v. Baum*, 903 F.3d 575, 585 (6th Cir. 2018) (quoting *Miami Univ.*, 882 F.3d at 592). Here, Nguyen does not meet either prong. The outcome of the Title IX proceeding against him was case closure after J.S. withdrew his complaint.[1] (ECF No. 27-3, PageID.274.) Nguyen does not plead any facts that demonstrate a particularized causal connection between this outcome and gender bias. Although Nguyen claims that the conflict of interest between Clark Hill and HR Advantage casts doubt on the outcome (ECF No. 28, PageID.283), this allegation has no connection to gender bias. Additionally, given that (1) J.S.'s complaint and the investigative report identified J.S. as an SCC student and employee and (2) the Title IX case was closed after J.S.'s relationship to SCC was clarified, Nguyen fails to cast much, if any, doubt on the proceeding's accuracy and outcome. Nguyen's Title IX claim against SCC therefore fails.

### 2. Defendant Clark Hill

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be

[1] To the extent Nguyen views the fact that the Title IX hearing did not immediately cease after J.S.'s testimony as the "erroneous outcome," the Court's analysis does not change. Nguyen still fails to plead sufficient facts to meet either prong of an erroneous outcome claim.

subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Clark Hill argues that Nguyen's claim must be dismissed because it is not a Title IX recipient. (ECF No. 30, PageID.322.) The Court agrees.

The Sixth Circuit has held that "[imputing] the discriminatory animus of another to the funding recipient . . . is inconsistent with Title IX principles requiring that a funding recipient be held liable 'only for its own misconduct.'" *Bose v. Bea*, 947 F.3d 983, 994 (6th Cir. 2020) (quoting *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640 (1999)). Because Clark Hill is not a Title IX funding recipient, Nguyen cannot pursue a Title IX action against it. *See id.* Moreover, even if Clark Hill were a recipient, Nguyen failed to make a Title IX claim. *See supra* Section IV.A.1.

Accordingly, the Court **DISMISSES** the Title IX claims against SCC and Clark Hill from this cause of action.

### B. Due Process Claim

Nguyen brings a claim against Kattuah-Snyder and SCC for violation of his procedural and substantive due process rights. (ECF No. 10 at ¶ 81.) He alleges that they had no jurisdiction to investigate him

because J.S. was not an SCC student or employee and that this investigation caused him "financial loss, physical harm, humiliation, mental anguish, and emotional distress." (*Id.* at ¶¶ 80, 83.)

### 1. Qualified Immunity

Kattuah-Snyder argues that she is entitled to qualified immunity because Nguyen has not pleaded sufficient facts showing that she violated his due process rights, and there is no caselaw showing that her conduct violated a clearly established right. (ECF No. 27, PageID.149–50.)

In a qualified immunity analysis, courts must determine whether (1) the plaintiff can establish the violation of a constitutional right and (2) that right was clearly established at the time of the incident. *Bell v. Johnson*, 308 F.3d 594, 601 (6th Cir. 2002). Nguyen frames the relevant right as the "right not to be subjected to disciplinary proceedings without proper authority and before an impartial decisionmaker." (ECF No. 28, PageID.292.) Without reaching whether such a right was clearly established, the Court cannot find that Nguyen has established that Kattuah-Snyder violated that right. He has not pleaded sufficient facts to overcome the presumption of impartiality afforded to Kattuah-Snyder

because she reasonably initiated an investigation based on the information before her. *See infra* Section IV.B.2. The Court therefore finds that Kattuah-Snyder is entitled to qualified immunity on Nguyen's due process claim.

### 2. Procedural Due Process

The Fourteenth Amendment requires states to provide individuals with due process before depriving them of liberty or property interests, and higher education institutions owe students procedural due process in disciplinary decisions that may result in suspension. *Averett v. Hardy*, No. 23-5319, 2024 WL 5074868, at *4 (6th Cir. Dec. 11, 2024) (citation omitted). To determine whether procedural due process rights were satisfied, courts evaluate three factors: (1) the private interest that will be affected by the action; (2) the risk of an erroneous deprivation of the procedures applied and the probable value of any additional or substitute procedures; and (3) the government's interest in the hearing, including the fiscal and administrative burdens that additional procedures would entail. *Mia. Univ.*, 882 F.3d at 600.

The minimum procedural due process a university must provide a student is notice of the charges, an explanation of the evidence against

them, and an opportunity to present their side of the story to an unbiased decisionmaker. *Id.* (citing *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 406 (6th Cir. 2017)). Here, Nguyen received notice of the charges and an explanation of the evidence against him. (ECF No. 27-2, PageID.165, 167.) He contends that a conflict of interest existed between the hearing officer from Clark Hill, complainant's advisor from Clark Hill, and Title IX investigator from Clark Hill-owned HR Advantage. (ECF No. 10 at ¶¶ 31–34.) To the extent this constitutes an allegation that he was not afforded the opportunity to present his side of the story to an unbiased decisionmaker, this argument fails.

School disciplinary committees "are entitled to a presumption of impartiality, absent a showing of actual bias." *Doe v. Cummins*, 662 F. App'x 437, 449 (6th Cir. 2016) (citation omitted). Any allegation of prejudice must be "evident from the record and cannot be based in speculation or inference." *Cummins*, 662 F. App'x at 450 (quoting *Nash v. Auburn Univ.*, 812 F.2d 655, 664 (11th Cir. 1987)). An arbiter's dual role—such as that of a school official who both investigates and disciplines a student—does not per se signify impartiality. *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 567 (6th Cir. 2011).

Nguyen's vague allegation of a conflict of interest does not show that the hearing officer or Title IX investigator were biased and consequently does not overcome the presumption of impartiality. The fact that investigator, complainant's advisor, and hearing officer were employed by the same entity or subsidiary does not, on its own, demonstrate impartiality. Nguyen's complaint does not address how the alleged conflict of interest affected the proceeding, particularly when SCC closed the case with no findings against Nguyen because J.S. withdrew his complaint. The Court thus finds no procedural due process violation here.

**3. Substantive Due Process**

There are two types of substantive due process claims: (1) deprivations of a particular constitutional guarantee and (2) actions that shock the conscience. *Valot v. Se. Loc. Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997) (citations omitted). Actions that shock the conscience include "only the most egregious official conduct, conduct that is so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012) (citations and internal quotation marks omitted).

If an action does not deprive a plaintiff of a particular constitutional guarantee or shock the conscience, the action survives so long as it is rationally related to a legitimate state interest. *Valot*, 107 F.3d at 1228 (citations omitted).

Nguyen does not specify which constitutional guarantee SCC deprived him of. He also does not allege that its actions shocked the conscience, and even if he had, SCC's alleged misconduct does not rise to the requisite level of egregiousness. Because SCC's decision to investigate a Title IX complaint in which the complainant identified himself as an SCC student and employee did not deprive Nguyen of a particular constitutional guarantee and does not shock the conscience, this decision is subject to rational basis review. This decision is rationally related to SCC's legitimate interest in investigating Title IX violations pursuant to its status as a Title IX funding recipient and SCC Policy 1080.7. Accordingly, the Court finds no substantive due process violation here.

### 4. *Monell* Liability

Nguyen alleges that SCC "is vicariously responsible for actions of employees acting within the scope of their employment." (ECF No. 10 at

¶ 83.) To succeed on a § 1983 claim, Nguyen must show that SCC itself is the wrongdoer under a *Monell* theory of liability. *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citations omitted). He can establish a *Monell* claim in four ways: (1) the existence of an illegal official policy or legislative enactment; (2) ratification actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Nguyen alleges no facts to support a *Monell* claim. A municipal defendant cannot be held liable under § 1983 under a respondeat superior theory. *Claiborne Cnty.*, 103 F.3d at 507. Nguyen thus cannot succeed on a respondeat superior theory. *Id.* Additionally, although his response brief discusses Kattuah-Snyder as a final decisionmaker (ECF No. 28, PageID.295–96), his pleadings do not identify her as such, nor do they plead any other facts that would sustain a policymaker ratification claim. The response brief raises—also for the first time—a custom-of-tolerance claim (*id.* at PageID.297), which the pleadings do not support.

For those reasons, the Court **DISMISSES** the due process claim against SCC and Kattuah-Snyder.

### C. Legal Malpractice Claim

Nguyen brings a legal malpractice claim against Clark Hill. (ECF No. 10, PageID.71–73.) Clark Hill argues that this claim must be dismissed because Nguyen was neither a client nor a beneficiary of an attorney-client relationship. (ECF No. 30, PageID.323–24.) Nguyen concedes that an attorney-client relationship is generally required for a legal malpractice claim, but he contends that he qualifies as an exception to the rule as a beneficiary to an attorney-client relationship. (ECF No. 31, PageID.339.)

Attorneys may be liable to a nonclient where the initial attorney-client contract was "so unquestionably for the benefit" of the nonclient that the nonclient may sue the attorney. *Beaty v. Hertzberg & Golden, P.C.*, 456 Mich. 247, 571 N.W.2d 716 (1997) (citation omitted); *see also Mieras v. DeBona*, 452 Mich. 278, 301, 550 N.W.2d 202, 212 (1996) (finding that testator's attorney owed a duty to nonclient beneficiaries named in a will to draft the will in accordance with the testator's intent). This third-party beneficiary liability does not "cover a situation in which

benefit to the third party is one that is merely indirect, incidental, or consequential." *Id.* Additionally, the Michigan Supreme Court "has repeatedly declined to recognize a fiduciary obligation running to a potentially adverse party because such a duty would necessarily 'permeate all facets of the litigation' and have a significantly deleterious effect on the attorney's ability to make decisions for the benefit of his client." *Id.* at 261.

Nguyen's argument that he is a beneficiary is wholly unavailing. Not only did he fail to plead any facts demonstrating that he is the intended beneficiary of SCC and Clark Hill's attorney-client relationship, he is clearly not a beneficiary of a Title IX proceeding.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the legal malpractice claim against Clark Hill.

### D. Negligent Misrepresentation

Nguyen brings a negligent misrepresentation claim against Clark Hill and HR Advantage for failure to disclose the alleged conflict of interest between both entities. (ECF No. 10 at ¶¶ 97–109.)

The elements of negligent misrepresentation are: "(1) the defendant's material misrepresentation; (2) the representation was

unintentionally false; (3) the representation is made in connection with the contract's formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendant's misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit." *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010).

The Court finds this claim against Clark Hill to be duplicative of the legal malpractice claim and fails for the reasons set forth above. *See supra* Section IV.C. "Claims against an attorney based on inadequate representation are malpractice claims." *Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-11621, 2024 WL 1699504, at *15 (E.D. Mich. Apr. 2, 2024), *report and recommendation adopted*, No. 21-CV-11621, 2024 WL 3442417 (E.D. Mich. July 17, 2024); *see also Broz v. Plante & Moran, PLLC*, 928 N.W.2d 292, 306 (2018), *vacated on other grounds*, 928 N.W.2d 698 (2019) ("[A] claim arising out of the fiduciary relationship between a professional and the professional's client alleging that the professional failed to adequately provide

professional services sounds in malpractice, regardless of the label given to the claim.")

Additionally, Nguyen fails to allege that Clark Hill and HR Advantage were in privity of contract with him. He has not demonstrated that they owed him any duty that would support a negligent misrepresentation claim. Nguyen cites *Yaldu* for his argument that "privity is not required," but nowhere in that opinion is that proposition stated or supported. (ECF No. 31, PageID.340.) In fact, the opinion does just the opposite: it dismisses the negligent misrepresentation claims because one defendant was not in privity of contract with the plaintiff and the other did not owe a duty of care to the plaintiff. *Yaldu*, 700 F. Supp. 2d at 846.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the negligent misrepresentation claim against Clark Hill and HR Advantage.

### E. Negligence

Nguyen alleges all defendants breached the duty of care they owed him by failing to disclose the alleged conflict of interest and failing to properly investigate whether SCC had Title IX jurisdiction. (ECF No. 10, at ¶¶ 97–126.)

### 1. SCC

SCC contends that it is entitled to governmental immunity pursuant to the Governmental Tort Liability Act ("GTLA"). (ECF No. 27, PageID.153–54.) Nguyen argues that SCC is not entitled to immunity because it acted ultra vires when it investigated him without jurisdiction. (ECF No. 10, PageID.297.)

Under the GTLA, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Mich. Comp. Laws § 691.1407(1). To bring a negligence claim that is not barred by this immunity, Nguyen "must either (1) plead a tort that falls within one of the GTLA's stated exceptions, or (2) demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function." *Drain Comm'r v. Genesee Cnty.*, 869 N.W.2d 635, 642 (Mich. Ct. App. 2015). The statutory exceptions to this immunity are inapplicable here.[2]

---

[2] The exceptions to governmental agency immunity are suits that involve the following: (1) highways [Mich. Comp. Laws § 691.1402]; (2) government-owned vehicles [Mich. Comp. Laws § 691.1405]; (3) public buildings [Mich. Comp. Laws § 691.1406]; and (4) sewage-disposal-system events [Mich. Comp. Laws § 691.1416]. *Genesee Cnty.*, 869 N.W.2d at 642.

Nguyen's argument that SCC acted outside of government function fails. A "government function" is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Mich. Comp. Law* § 691.1401(b). When SCC, a Title IX recipient, investigated the sexual assault allegations against Nguyen, it acted as 34 C.F.R. § 106.44 mandated. SCC is therefore entitled to governmental immunity. The Court accordingly **DISMISSES WITH PREJUDICE** the negligence claim against SCC.

**2. Kattuah-Snyder**

Kattuah-Snyder also asserts that she is entitled to immunity under GTLA. (ECF No. 27, PageID.154–55). Under the GTLA, government employees are immune from tort liability "when that employee performs a governmental function within the scope of his authority and when his 'conduct does not amount to gross negligence that is the proximate cause of the injury or damage.'" *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 766 (6th Cir. 2024) (quoting Mich. Comp. Laws § 691.1407(2)(c)). "Gross negligence" refers to "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(2)(c). For a finding of gross negligence, "[i]t is as though, if an

objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Reilly v. Vadlamudi*, 680 F.3d 617, 627 (6th Cir. 2012) (citation and quotations omitted). To succeed on his negligence claim, Nguyen must therefore show that Kattuah-Snyder's conduct was grossly negligent and that her negligence was the proximate cause of his injuries.

Nguyen makes no allegations of gross negligence. His complaint only makes vague negligence allegations of duty, breach, and injuries. Even if the Court presumed that Nguyen successfully pleaded that Kattuah-Snyder committed gross negligence, he also has not shown that her conduct was the proximate cause of his injuries. In fact, Nguyen brings a negligence claim against all the other defendants. Kattuah-Snyder is therefore entitled to governmental immunity. The Court **DISMISSES** the negligence claim against Kattuah-Snyder.

### 3. Clark Hill, Katz, and HR Advantage

Clark Hill, Katz, HR Advantage assert that Nguyen cannot establish a negligence claim against them because they did not owe him a duty. (ECF No. 30, PageID.325.) Nguyen claims that they owed him a duty to conduct a fair quasi-judicial process. (ECF No. 31, PageID.342.)

There are four elements to a Michigan negligence claim: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages." *Case v. Consumers Power Co.*, 463 Mich. 1, 615 N.W.2d 17, 20 (2000). Under Michigan law, when a noncontracting party sues a contracting party for negligence, the question is whether "aside from the contract, the defendant owed any independent legal duty to the plaintiff." *Johnson v. Doodson Ins. Brokerage, LLC*, 793 F.3d 674, 677 (6th Cir. 2015) (quoting *Loweke v. Ann Arbor Ceiling & Partition Co.,* 489 Mich. 157, 809 N.W.2d 553, 562 (2011)). Here, SCC contracted with Clark Hill and HR Advantage, and Katz operated within her employment duties as an HR Advantage employee. Nguyen, in essence, contends that Clark Hill, Katz, HR Advantage were negligent in their execution of their contractual duties to SCC. As a noncontracting party, Nguyen makes no allegations in his complaint of an independent legal duty—outside of SCC's retention of Clark Hill and HR Advantage—that Clark Hill, Katz, or HR Advantage owed him.[3] The Court therefore **DISMISSES** the negligence claims against Clark Hill, Katz, and HR Advantage.

---

[3] Moreover, the case Nguyen cites in his brief does not establish that these defendants owed him any duty. (ECF No. 31, PageID.342 (citing *Smith v. Allendale Mutual Ins. Co.*, 410 Mich. 685, 714 (1981) (finding that the law does not impose a duty on insurers to inspect the premises of their insureds)).

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that SCC and Kattuah-Snyder's motion to dismiss (ECF No. 27) and Clark Hill, Katz, and HR Advantage's motion to dismiss (ECF No. 30) are **GRANTED**.

**IT IS FURTHER ORDERED** that Nguyen's following claims are **DISMISSED WITH PREJUDICE**: (1) Title IX claim against Clark Hill; (2) legal malpractice claim against Clark Hill; (3) negligent misrepresentation claim against Clark Hill and HR Advantage; and (4) negligence claim against SCC.

**IT IS FURTHER ORDERED** that Nguyen's following claims are **DISMISSED WITHOUT PREJUDICE**: (1) Title IX claim against SCC; (2) Fourteenth Amendment due process claim against SCC and Kattuah-Snyder; and (3) negligence claim against Kattuah-Snyder, Clark Hill, Katz, and HR Advantage.

**IT IS FURTHER ORDERED** that all defendants are **DISMISSED**.

**SO ORDERED.**

Date: November 24, 2026

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager